FILED

2018 AUG 15 AM 11:09

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:18MJ3109 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | THOMAS M. PARKER |
| | ) | |
| HOLLY ROBERTS, | ) | **WAIVER OF SPEEDY TRIAL ACT** |
| | ) | **OF 1974 AND ORDER** |
| Defendant. | ) | |
| | ) | |

The below signatures reflect the Parties' representations that the parties have requested a continuance of defendant's time to indict beyond the 30 day limit set forth in the Speedy Trial Act of 1974, 18 U.S.C. § 3161 (hereinafter "The Act"). The Defendant further represents that he/she has discussed his/her rights under the Act and specifically state that his/her interests will be best served by the granting of a continuance.

The attorney for the Defendant hereby represents that he/she has discussed the Defendant's rights under the Act with him/her, is satisfied that the Defendant understands said rights, and concurs with the decision of the Defendant that a continuance will be in the Defendant's best interest.

For reasons orally set forth, and as indicated below, this Court finds that the ends of justice which would be served by the granting of a continuance outweigh the best interests of the public and the defendant in being charged. 18 U.S.C. § 3161(b) and 3161(h). Specifically, the Court hereby finds that:

☐ the failure to grant a continuance in the proceeding would be likely to make a continuation of the proceeding impossible, or would result in a miscarriage of justice.
☒ the case is so unusual or so complex due to:
    ☐ the number of defendants
    ☒ the nature of the prosecution
    ☐ the existence of novel questions of fact or law
    ☐ that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161.
☒ the Defendant's arrests preceded his/her indictment, and
    ☐ the arrest occurred at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b)
    ☒ the facts upon which the grand jury must base its determination are unusual or complex
☒ the failure to grant a continuance would
    ☐ deny the defendant reasonable time to obtain counsel
    ☐ unreasonably deny the Defendant or the Government continuity of counsel
    ☒ deny counsel for the Defendant or the Attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Therefore, this Court hereby grants Defendant's Request for Continuance. In the interests of justice, and at the specific request of the Defendant, the 30 day limit within which the Defendant shall be indicted, as set forth in the Speedy Trial Act of 1974, has been extended until October 19, 2018

**IT IS SO ORDERED.**

Dated: August 15, 2018

_____
Thomas M. Parker
United States Magistrate Judge

_____
Defendant

_____
Attorney for Defendant

_____
Attorney for the United States
Daniel J. Riedl 0076798